FILED
2016 Sep-22  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **JULIA MILLS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No. _____** |
| **BROOKDALE SENIOR LIVING,** | § | |
| **INC. and BROOKDALE SENIOR** | § | |
| **LIVING COMMUNITIES, INC.** | § | |
| **d/b/a BROOKDALE SENIOR** | § | |
| **LIVING SOLUTIONS,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

1.      This Court has jurisdiction of the claims herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(a)(4).  This civil action arises under the laws of the United States.  Plaintiff is alleging violations of her rights under Title VII of the Civil Rights Act of 1964, as amended 45 U.S.C.A. § 2000e *et seq.* ("Title VII").

2.      Plaintiff also brings this action under the *Age Discrimination Employment Act*, 29 U.S.C.A. § 621 *et seq.*

3.      This action is also brought under the *Americans With Disabilities Act*, 42 U.S.C.A. § 12101 *et seq.*

1

4.    The Defendants are foreign corporations registered to do business in the State of Alabama, therefore venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3).   The unlawful employment practices alleged herein were committed in Tuscaloosa County in the Northern District of Alabama, Western Division.

## PARTIES

5.    Plaintiff Julia Mills ("Mills") is a resident of the State of Alabama and is over nineteen (19) years of age.   At all times relevant hereto she was an employee of Defendant Brookdale Senior Living Communities, Inc. d/b/a Brookdale Senior Living Solutions wherein she worked as an activities coordinator for the Defendant at the facility known as Brookdale Senior Living Solutions in Northport, Alabama.

6.    Defendants Brookdale Senior Living, Inc. and Brookdale Senior Living Communities, Inc. d/b/a Brookdale Senior Living Solutions (collectively "Brookdale") are employers within 42 U.S.C. § 2000e *et seq.* ("Title VII").   They employ fifteen (15) or more employees engaged in interstate commerce.

## FACTS

7.    Mills was employed by Brookdale as activities director and began her employment in or about 2007.

8.     Brookdale operates a senior living center which consists of an assisted living facility and a memory care unit for adults suffering from dementia-related issues.

9.     In her capacity as activities director, Mills conducted daily activities for the care and emotional support of the residents including, but not limited to, special needs, parties, holiday events, singing events, entertainment, exercise classes, outings to various stores, shopping for items, movies and other recreational activities.  In order to perform her job she had to coordinate these activities with outside vendors, provide scheduling for the residents and the staff, utilize the facilities to facilitate exercise classes and entertainment events, coordinate with vendors to supply food, beverages, meals and other supplies for the use and enjoyment of the residents.

10.    Mills was employed full time in her position and performed her work without incident or disciplinary issue until on or about August 6, 2014.

11.    On that date, Mills unfortunately suffered a severe stroke while at work.   Mills was off work for approximately three months undergoing rehabilitation for the effects of her stroke and subsequently returned to work even though she still suffered from certain effects of the stroke, which included some limitations on her physical abilities, her ability to drive, her ability to move heavy equipment, and some limitations with ambulation.

12.    Initially, Brookdale, by and through its employees and management, appeared to be supportive of her return to work.  However, that quickly changed and it became apparent that the employees of Brookdale, by and through the actions of its manager on site, were attempting to force her out of her job.

13.    In its efforts to force her out of her job, Brookdale through its employees and management, began verbally harassing and using abusive language towards Mills.  Brookdale took away her office and moved her desk to an unairconditioned sunroom which was extremely hot and lacked the necessary privacy to perform her daily functions.

14.    Brookdale took away Mills' computer and her telephone and made it virtually impossible for her to coordinate events and perform the essential functions of her job.

15.    After continuing to complain about this conduct, Mills was given a simple table with one small drawer which was far removed from the management offices and the residents.  Furthermore, it was continuously uncomfortable and hot and exacerbated the symptoms of her recovery and her stroke.  When she continued to complain, nothing was done.

16.    It was clear that through the actions of Brookdale's management they were attempting to make it very difficult for Mills to do her job.  Management withdrew all administrative support for any activities and she was forced to

4

manage any activities, including moving furniture, all by herself even with her physical limitations and her request for assistance when conducting these events was denied. These activities were previously supported and encouraged by Brookdale.

17. Brookdale's management even failed to accommodate the simple request to provide additional personnel for the moving of chairs for exercise and parties, even though those duties were not contained in Mills' job description.

18. Brookdale's management continued to ignore Mills' requests and it became apparent that its sole purpose was to make her specific working conditions so intolerable as to force her to resign.

19. After enduring these working conditions for months, Mills was informed by management that she would be transitioned to "part-time" or "prn" as needed status and that a younger, less qualified employee would be taking her place in January 2015. Mills was forced to continue to work with and train this individual until June 2015. She had no choice but to accept the limited employment they would give her and work until she was effectively terminated in June of 2015.

20. Mills since learned that they immediately provided the employee that took her place with an office, computer and all things necessary to be successful in this position. Furthermore, this individual is significantly younger than Mills

(under the age of 40) and far less qualified. There was no reason that Mills should not have been allowed to stay and continue to do the job that she loved and for which she is well qualified.

21. There were several comments made by Brookdale's management about her age and her disabilities through their constant questioning of her abilities to do her job. However, there were never any deficiencies noted within her job performance. She was never counseled, disciplined, or reprimanded in any way about her job performance, the patients and residents were all happy with her job performance, and she was at all times ready, willing and able to perform the essential functions of her stated job.

22. The reason that Mills was forced out of her position was Brookdale's hostility toward her as a direct result of her age and/or disability. The management's conduct and actions had nothing to do with her job performance and were all a pretext to their unlawful discrimination.

23. Prior to filing this action, Mills filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days as required by law, a copy of which is attached as Exhibit "A." Furthermore, Mills has received from the EEOC its Notice of Right to Sue, a copy of which is attached hereto as Exhibit "B."

**CLAIM ONE – TITLE VII**
**<u>DISABILITY DISCRIMINATION</u>**

6

24.    Mills adopts and realleges paragraphs 1-23 above as if fully set forth herein.

25.    Brookdale violated the *Americans With Disabilities Act* for failure to accommodate under 42 U.S.C.A. § 12101 *et seq.*

26.    Brookdale has discriminated against Mills as a "disabled person" as defined by the statute on account of and by reason of her disability and the side effects of her neurological conditions arising from her stroke in violation of 42 U.S.C.A. § 12101 *et seq.* because during all relevant times:

(a)    Mills was a disabled individual as defined by the statute.

(b)    Mills was qualified to perform the essential functions of her position as activities director, with reasonable accommodations which were requested by her.

(c)    Mills suffered adverse employment action because of her disability when Brookdale failed to accommodate her requests for reasonable accommodation to perform the essential functions of her job.

(d)    Mills suffered adverse employment action because of her disability when she was terminated after Brookdale failed to accommodate her requests for reasonable.

(e)    Brookdale continued to discriminate against Mills in other ways by developing, maintaining and implementing policies or practices which

served to discriminate against her by removing her desk, removing her computer, removing her telephone, placing her in an unairconditioned sunroom which reached excessive temperatures, and otherwise isolating Mills from her other co-workers and making it extremely difficult for to perform the essential functions of her job.

(f)   All these actions were taken as a direct result of Mills' disability in an effort to make her working conditions so hostile and intolerable that she would resign.

(g)   No other employees underwent the same or similar treatment and these actions were a result of her disability.

27.   Brookdale continued this harassing treatment even after Mills complained and exhausted her administrative remedies.

**WHEREFORE**, Mills respectfully demands judgment against Brookdale for the following:

(a)   Front pay in lieu of reinstatement;

(b)   Back pay;

(c)   Compensatory damages;

(d)   Punitive damages (because as discussed above in detail, Brookdale's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Mills, amounting to malice and in conscious disregard of Mills' rights).

(e)     Prejudgment interest;

(f)     Attorney's fees pursuant to 42 U.S.C.A. §§ 1988 and 2000e-5(k), and other applicable statutes whether state or federal;

(g)     Costs of this action;

(h)     Grant a preliminary and permanent injunction prohibiting Brookdale, its officers, successors, assigns, affiliates and all persons in active concert or participation with Mills from engaging in any practices that discriminate on the basis of age, against Mills.

(i)     Issue a declaratory judgment that acts, policies, practices, and procedures of Brookdale complained of herein violated Mills' rights under Title VII of the *Civil Rights Act*, 42 U.S.C.A. § 2000e.

(j)     For actual damages in the amount to be determined according to proof;

(k)     For consequential damages in an amount to be determined according to proof;

(l)     For general damages in an amount to be determined according to proof.

(m)     For special damages in an amount to be determined according to proof;

(n)     For exemplary damages;

(o)     For nominal damages; and

(p)     For such other relief as this Court deems just and proper.

**CLAIM TWO – TITLE VII**
**VIOLATION OF AMERICANS WITH**
**DISABILITIES ACT/DISPARATE TREATMENT/TERMINATION**

28. Mills adopts and realleges paragraphs 1-27 above as if fully set forth herein.

29. Brookdale discriminated against Mills, a disabled person, on account of and by reason of her disability (neurological deficiencies as a result of a stroke) in violation of 42 U.S.C.A. § 12101 *et seq.*

30. Mills is disabled as defined by the statute.

31. Mills is qualified to perform the essential positions of one or more positions of her job with reasonable accommodation.

32. Mills suffered adverse employment action because of her disability when Brookdale treated nondisabled individuals more preferentially as pertaining to the working conditions and providing support to perform the essential functions of her job which served to discriminate against Mills solely as a result of her disability.

33. Further, Brookdale terminated Mills as a result of her disability.

**WHEREFORE**, Mills respectfully demands judgment against Brookdale for the following:

(a) Front pay in lieu of reinstatement;

(b) Back pay;

(c) Compensatory damages;

(d) Punitive damages (because as discussed above in detail, Brookdale's conduct was despicable and the acts herein alleged were malicious,

fraudulent and oppressive, and were committed with an improper and evil motive to injure Mills, amounting to malice and in conscious disregard of Mills' rights).

(e) Prejudgment interest;

(f) Attorney's fees pursuant to 42 U.S.C.A. §§ 1988 and 2000e-5(k), and other applicable statutes whether state or federal;

(g) Costs of this action;

(h) Grant a preliminary and permanent injunction prohibiting Brookdale, its officers, successors, assigns, affiliates and all persons in active concert or participation with Mills from engaging in any practices that discriminate on the basis of age, against Mills.

(i) Issue a declaratory judgment that acts, policies, practices, and procedures of Brookdale complained of herein violated Mills' rights under Title VII of the *Civil Rights Act*, 42 U.S.C.A. § 2000e.

(j) For actual damages in the amount to be determined according to proof;

(k) For consequential damages in an amount to be determined according to proof;

(l) For general damages in an amount to be determined according to proof.

(m) For special damages in an amount to be determined according to proof;

(n) For exemplary damages;

(o) For nominal damages; and

(p) For such other relief as this Court deems just and proper.

## CLAIM THREE – TITLE VII
## <u>AGE DISCRIMINATION</u>

11

34.   Mills adopts and realleges paragraphs 1-33 above as if fully set forth herein.

35.   Title VII of the *Civil Rights Act* provides that it shall be an unlawful employment practice for any employer to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to individual's compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  42 U.S.C.A. § 2000e-2(a)(1).

36.   In 1967, Congress amended Title VII of the *Civil Rights Act* of 1964 to include the Age Discrimination in Employment Act ("ADEA").  The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge or otherwise discriminate against any individual because of such individual's age." 29 U.S.C.A. § 623(a)(1).

37.   Mills is a member of a protected group under the ADEA.

38.   Brookdale, having employed Mills for over seven (7) years, knew or should have known, of her age sixty-seven (67), and that she was covered under the ADEA.

39.   Brookdale felt that Mills' age would affect her ability to perform her job duties.

40.    Brookdale knew that it could hire a younger worker at a lesser cost than Mills, who would not be accustomed to annual salary increases.  Further, Mills was terminated as a result of her age.

41.    In its efforts to force her out of her job, Brookdale through its employees and management, began verbally harassing Mills, being abusive in their language to Mills, took away her office and moved her desk to an unairconditioned sunroom which was extremely hot and lacked the necessary privacy to perform her daily functions.  Brookdale took away Mills' computer and her telephone and made it virtually impossible for her to coordinate events and perform the essential functions of her job.

42.    Such actions constitute unlawful employment practices under the ADEA, 29 U.S.C.A. § 621 *et seq.*

43.    By committing the foregoing acts of discrimination and disparate treatment against Mills, Brookdale has violated the ADEA.

44.    Brookdale's conduct has adversely affected an older employee, Mills, as compared to significantly younger employees, as Mills was wrongfully considered incapable of performing her regular job duties.

45.    Mills was fully qualified for the position she held at all relevant times.

46.    As a direct and proximate result of Brookdale's violations of the ADEA, Mills has suffered the damages and losses set forth herein, including but

13

not limited to wages, wage increases, employment related benefits including severance, health insurance and retirement benefits and other related damages.

47.     Mills is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Brookdale's discriminatory acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Mills respectfully demands judgment against Brookdale for the following:

(a)     Front pay in lieu of reinstatement;

(b)     Back pay;

(c)     Compensatory damages;

(d)     Punitive damages (because as discussed above in detail, Brookdale's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Mills, amounting to malice and in conscious disregard of Mills' rights).

(e)     Prejudgment interest;

(f)     Attorney's fees pursuant to 42 U.S.C.A. §§ 1988 and 2000e-5(k), and other applicable statutes whether state or federal;

(g)     Costs of this action;

(h)     Grant a preliminary and permanent injunction prohibiting Brookdale, its officers, successors, assigns, affiliates and all persons in active concert or participation with Mills from engaging in any practices that discriminate on the basis of age, against Mills.

(i)     Issue a declaratory judgment that acts, policies, practices, and procedures of Brookdale complained of herein violated Mills' rights

under Title VII of the *Civil Rights Act*, 42 U.S.C.A. § 2000e and the ADEA of 1967, 29 U.S.C.A. § 621.

(j)     For actual damages in the amount to be determined according to proof;

(k)     For consequential damages in an amount to be determined according to proof;

(l)     For general damages in an amount to be determined according to proof.

(m)     For special damages in an amount to be determined according to proof;

(n)     For exemplary damages;

(o)     For nominal damages; and

(p)     For such other relief as this Court deems just and proper.

/s/ Jeffrey C. Smith
**Jeffrey C. Smith** (ASB-0231-H69J)
Attorney for Plaintiff

OF COUNSEL
Rosen Harwood, P.A.
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:   (205) 758-8358
jsmith@rosenharwood.com

## JURY DEMAND

Plaintiff demands a trial by struck jury herein.

/s/ Jeffrey C. Smith
**Jeffrey C. Smith** (ASB-0231-H69J)
Attorney for Plaintiff

15

**Plaintiff requests service of Defendants by certified mail.**

Defendants' Addresses:

Brookdale Senior Living, Inc.
d/b/a Brookdale Senior Living Solutions
c/o CT Corporation System, Registered Agent
800 S Gay Street
Knoxville, TN  37929-9710

Brookdale Senior Living Communities, Inc.
d/b/a Brookdale Senior Living Solutions
c/o CT Corporation System, Registered Agent
2 North Jackson Street, Suite 605
Montgomery, AL  36104

\\rh-data01\vol3\jeff\mills, julia\pleadings\word docs\complaint.docx

16

# EXHIBIT "A"



# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC | 420-2016-00258 |
| | | and EEOC |

State or local Agency, if any

| NAME(Indicate Mr., Ms., Mrs.) Julia Mills | HOME TELEPHONE (Include Area Code) 205/345-4002 | |
|---|---|---|
| STREET ADDRESS  CITY, STATE AND ZIP CODE 4316 4th Avenue East, Northport, AL 35473 | | DATE OF BIRTH 8/14/48 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Brookdale Senior Living Solutions | NUMBER OF EMPLOYEES, MEMBERS 30 to 40 | TELEPHONE (Include Area Code) 205-330-1700 |
|---|---|---|
| STREET ADDRESS  CITY, STATE AND ZIP CODE 951 Rose Drive, Northport, AL 35476 | | COUNTY Tuscaloosa |
| NAME BROOKDALE SENIOR LIVING, INC. | TELEPHONE NUMBER (Include Area Code) 615/221-2250 | |
| STREET ADDRESS  CITY, STATE AND ZIP CODE 111 Westwood Place, Suite 400, Brentwood, TN 37027 | | COUNTY Williamson |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☒ OTHER (Specify)
hostile work environment

DATE DISCRIMINATION TOOK PLACE

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The complaints arise from hostile work environment, disability discrimination and age discrimination.

(See attached Affidavit.)

RECEIVED

OCT 29 2015

E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Julia Mills* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date  10/28/15    Charging Party (Signature) | |

EEOC FORM 5 (REV. 3/01)

STATE OF ALABAMA
COUNTY OF TUSCALOOSA

## AFFIDAVIT OF JULIA MILLS

BEFORE ME, the undersigned authority, personally appeared JULIA MILLS, who being known to me and being first duly sworn, deposes and says as follows:

My name is Julia Mills and I was employed as Activities Director at Brookdale Senior Living Solutions in Northport, Alabama. I began my employment in or about 2007. Brookdale operates a senior living center which consists of an assisted living facility and a memory care unit for adults suffering from dementia-related issues.

In my capacity as Activities Director, it was my responsibility to conduct daily activities for the care and emotional support of the residents including, but not limited to, special meals, parties, holiday events, singing events, entertainment, exercise classes, outings to various stores, shopping items, movies, etc. This was a full time position and I enjoyed my job.

I worked in this position without incident until on or about August 6, 2014 whereupon I suffered a stroke while at work. I was off for approximately three months and upon my return still suffered the effects of the stroke which included some limitations of my physical abilities and my ability to drive. Initially, Brookdale appeared to be supportive in my return to work. However, immediately upon my return it became apparent that their goal was to force me out.

While I was out they took away my office and I had no place to conduct my day-to-day work and coordinate activities. I was left without a computer, a telephone, or any way to coordinate events, etc.

After repeatedly complaining about this I was given a simple table with one small drawer on a sunporch, which was far removed from the management offices and the residents. Furthermore, it was uncomfortable and very hot and exacerbated the symptoms of my recovery. When I complained about this nothing was done.

It was very difficult for me to do my job in a satisfactory fashion. Management completely withdrew all support of any activities and I was forced to manage all activities, including moving furniture, all by myself even with my physical limitations. They failed to accommodate even a simple request to provide additional personnel to move tables and chairs for exercise classes, parties, etc.

Management basically ignored me and my requests and it became apparent their sole purpose was to make my working conditions so intolerable so as to force me to resign.

I was informed by management that I would be transitioned to "prn" as needed status and that another younger employee would be taking my place in January of 2015. I continued to work with this individual and trained this individual up until June of 2015. It was clear I had no other option but to accept what limited employment they would give me and worked until I was effectively let go in June 2012.

I have since learned that they immediately provided the employee that took my place with an office, a computer, and all the things necessary to be successful in her position. Furthermore, this individual is younger than me and less qualified and there was no reason that I should not have been allowed to stay and continue to do the job that I loved.

There were comments made by management about my age and my handicap and they were constantly questioning my ability to do my job. However, there was never any deficiency with my job performance. I was never counseled about my job performance, the patients and

residents were all happy with my job performance, and I was never counseled about my inability to perform the essential functions of my job. The sole reason they forced me out was because of my age and my disability. It had nothing to do with my job performance.

Further the deponent saith not.

_____
JULIA MILLS

Sworn to and subscribed before me on this the 28th day of October 2015.

_____
Notary Public
My Commission Expires: _____

i \jeffmills, julia\affidavit docxcx

420-2016 - 00258

STATE OF ALABAMA
COUNTY OF TUSCALOOSA



- 3 2015

## AMENDED
## AFFIDAVIT OF JULIA MILLS

BEFORE ME, the undersigned authority, personally appeared JULIA MILLS, who being known to me and being first duly sworn, deposes and says as follows:

**The purpose of this Amended Affidavit is to correct the date of termination below.**

My name is Julia Mills and I was employed as Activities Director at Brookdale Senior Living Solutions in Northport, Alabama. I began my employment in or about 2007. Brookdale operates a senior living center which consists of an assisted living facility and a memory care unit for adults suffering from dementia-related issues.

In my capacity as Activities Director, it was my responsibility to conduct daily activities for the care and emotional support of the residents including, but not limited to, special meals, parties, holiday events, singing events, entertainment, exercise classes, outings to various stores, shopping items, movies, etc. This was a full time position and I enjoyed my job.

I worked in this position without incident until on or about August 6, 2014 whereupon I suffered a stroke while at work. I was off for approximately three months and upon my return still suffered the effects of the stroke which included some limitations of my physical abilities and my ability to drive. Initially, Brookdale appeared to be supportive in my return to work. However, immediately upon my return it became apparent that their goal was to force me out.

While I was out they took away my office and I had no place to conduct my day-to-day work and coordinate activities. I was left without a computer, a telephone, or any way to coordinate events, etc.

After repeatedly complaining about this I was given a simple table with one small drawer on a sunporch, which was far removed from the management offices and the residents. Furthermore, it was uncomfortable and very hot and exacerbated the symptoms of my recovery. When I complained about this nothing was done.

It was very difficult for me to do my job in a satisfactory fashion. Management completely withdrew all support of any activities and I was forced to manage all activities, including moving furniture, all by myself even with my physical limitations. They failed to accommodate even a simple request to provide additional personnel to move tables and chairs for exercise classes, parties, etc.

Management basically ignored me and my requests and it became apparent their sole purpose was to make my working conditions so intolerable so as to force me to resign.

I was informed by management that I would be transitioned to "prn" as needed status and that another younger employee would be taking my place in January of 2015. I continued to work with this individual and trained this individual up until June of 2015. It was clear I had no other option but to accept what limited employment they would give me and worked until I was effectively let go on **June 12, 2015**.

I have since learned that they immediately provided the employee that took my place with an office, a computer, and all the things necessary to be successful in her position. Furthermore, this individual is younger than me and less qualified and there was no reason that I should not have been allowed to stay and continue to do the job that I loved.

There were comments made by management about my age and my handicap and they were constantly questioning my ability to do my job. However, there was never any deficiency with my job performance. I was never counseled about my job performance, the patients and

residents were all happy with my job performance, and I was never counseled about my inability to perform the essential functions of my job. The sole reason they forced me out was because of my age and my disability. It had nothing to do with my job performance.

Further the deponent saith not.

JULIA MILLS

Sworn to and subscribed before me on this the 2nd day of November 2015.

Notary Public
My Commission Expires: 8/6/17

i:\jeff mills, julia\affidavit amended 11 2 15 docx

# EXHIBIT "B"

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Julia Mills<br>4316 4th Ave. East<br>Northport, AL 35476 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-00258 | **Jean L. McGinnis-Barrera,**<br>**Investigator** | **(205) 212-2056** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

JUN 2 1 2016
JUN 2 4 2016
*(Date Mailed)*

| cc: | BROOKDALE SENIOR LIVING INC<br>c/o Jack Leebron,<br>Senior Labor and Employment Counsel<br>111 Westwood Place<br>Suite 100<br>Brentwood, TN 37027 | ROSEN HARWOOD, ATTORNEYS AT LAW<br>c/o Jeffery C. Smith<br>P.O. Box 2727<br>Tuscaloosa, AL 35403 |
|---|---|---|

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|

| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2016-00258 |
|---|---|---|

and EEOC

_____ State or local Agency, if any _____

| NAME(Indicate Mr., Ms., Mrs.)<br>Julia Mills | HOME TELEPHONE (Include Area Code)<br>205/345-4002 | |
|---|---|---|
| STREET ADDRESS                    CITY, STATE AND ZIP CODE<br>4316 4th Avenue East, Northport, AL 35473 | | DATE OF BIRTH<br>8/14/48 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Brookdale Senior Living Solutions | NUMBER OF EMPLOYEES, MEMBERS<br>30 to 40 | TELEPHONE (Include Area Code)<br>205-330-1700 |
|---|---|---|
| STREET ADDRESS                 CITY, STATE AND ZIP CODE<br>951 Rose Drive, Northport, AL 35476 | | COUNTY<br>Tuscaloosa |
| NAME<br>BROOKDALE SENIOR LIVING, INC. | TELEPHONE NUMBER (Include Area Code)<br>615/221-2250 | |
| STREET ADDRESS                CITY, STATE AND ZIP CODE<br>111 Westwood Place, Suite 400, Brentwood, TN 37027 | | COUNTY<br>Williamson |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☐ RETALIATION   ☒ AGE   ☒ DISABILITY   ☒ OTHER (Specify)<br>hostile work environment | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The complaints arise from hostile work environment, disability discrimination and age discrimination.

(See attached Affidavit.)

RECEIVED

OCT 29 2015

E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Julia Mills* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |
| Date 10/28/15          Charging Party (Signature) | |

EEOC FORM 5 (REV. 3/01)